UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VANCE SCOTT SENIOR | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2375 |
| WOODRUFF CAMUS, ET AL. | * | SECTION "G" (2) |

## SHOW CAUSE ORDER AND REASONS

Plaintiff Vance Scott Senior filed a Complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

Plaintiff's complaint asserts claims against 23 individual and entity defendants, purportedly in their individual and official capacities, relating to a July 22, 2025, hearing and October 9, 2025, seizure of certain property by officers of the St. Charles Parish Sherriff's Office ("SCPSO") pursuant to a judgment against the Estate of Pierre Scott. *See* ECF No. 1 at 2-3 (¶ I(B)), 9-12. Citing to various federal and state criminal statutes, 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and Section 4 of Article I of the Louisiana Constitution, Plaintiff alleges that, on July 22, 2025, Judge Rochelle Champagne Fahrig conspired with public employees, Sheriff Greg Champagne of St. Charles Parish, and a St. Charles Parish contractor to retaliate against Plaintiff for a friend of Sheriff Champagne. *See id.* at 11 (¶¶ 1-6). He further alleges that, on October 9, 2025, Sheriff Champagne conspired with his deputies to steal Plaintiff's property and then did so pursuant to a judgment against the Estate of Pierre Scott, an apparent deceased relative. *See id* at 11-12 (¶¶ 7-12, 15).

1

I.      *In Forma Pauperis* **Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing fees."[2] Courts assess plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on his financial resources, including whether expenses are discretionary or mandatory.[5] While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for himself and/or dependents.[6] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[7]

In his application, Plaintiff indicates he is self-employed and has not earned any income since October 9, 2025. ECF No. 2 ¶ 2. Plaintiff represents that he has $50 in cash, checking or savings funds, four dependents, and no liabilities. *Id.* ¶¶ 4, 7-8. He identifies his truck as an asset but then asserts that truck was stolen, presumably on October 9, 2025. *Id.* ¶ 5. He does not indicate whether, and to what extent if any, he has any monthly expenses.

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *Id.*
[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[7] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).

Based on the information provided by Plaintiff in his application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a), and his Complaint will be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[8]

Summons will not be issued at this time, however, pending completion of this Court's statutorily-mandated frivolous review.

## II.   Statutorily Mandated Review

The Court is required by 28 U.S.C. § 1915(e) to review complaints filed by plaintiff in forma pauperis because there exists no absolute right to proceed *in forma pauperis* in federal civil matters.[9] Rather, it is a privilege extended to those unable to pay filing fees when it is apparent that the claims do not lack merit on their face.[10] And while pro se complaints are held to "less stringent standards" than attorney-drafted filings,[11] *pro se* status does not constitute an impenetrable shield as even *pro se* litigants have no license to harass others, clog the judicial machinery with meritless litigation, and abuse an already overloaded court system.[12]

---

[8] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).
[9] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoners plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))); *Newsome*, 301 F.3d at 231 (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[10] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[12] *Ferguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Under § 1915(e)(2)(B), the Court must summarily dismiss *in forma pauperis* complaints if the court determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[13] A claim is "frivolous where it lacks an arguable basis either in law or in fact."[14] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15] A court may not dismiss a claim simply because the facts are "unlikely."[16] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[17] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[18]

## III. APPLICABLE LAW AND ANALYSIS

### A. Criminal Statutes

Plaintiff asserts claims based on violations of various federal criminal statutes (e.g., 18 U.S.C. §241 (conspiracy against rights) and § 242 (deprivation of rights under color of law)). ECF No. 1 at 4, 7, 15. Criminal charges, however, cannot be brought by private individuals: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

---

[13] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018); *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R & R adopted sub nom.*, *Vo v. St. Charles Par.*, NO. 10-4624, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[14] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[16] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[17] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[18] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

another."[19]  As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[20]  Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[21]  The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[22]  The federal criminal statutes cited by Plaintiff do not provide a private cause of action, and thus, his purported claims based on same are legally frivolous.[23]

Plaintiff also appears to assert claims based on violations of state criminal provisions (e.g., LA. REV. STAT. §§ 14:67 (theft), 134 (malfeasance in office), 134.4 (abuse of office)).  ECF No. 1 at 4, 7, 18.  While Louisiana recognizes that criminal statutes may provide the standard of care in a tort action when the other fundamental elements of a tort (duty of care, damages) are present,[24] they do not generally create a private cause of action.  For a private cause of action to exist, there must be a statutory basis for inferring that a civil cause of action lies in favor of someone.[25]  In

---

[19] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[20] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).
[21] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[22] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).
[23] *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("[Sections] 241 and 242 do not provide a basis for civil liability. . . . Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999))); *see also Tijerino v. GATR Truck Ctr.*, No. 24-947, 2024 WL 4564776, at *2 n.15 (E.D. La. Oct. 23, 2024) (Zainey, J.) (citing *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009) (dismissing claims under 18 U.S.C. § 241 as frivolous because the statute does not provide for a private right of action)); *White v. Statebridge Co.*, No. 22-713, 2023 WL 2472657, at *8 (E.D. Tex. Feb. 6, 2023) ("Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242." (citing cases)); *Wooden v. Landry*, No. 19-690, 2020 WL 7344609, at *2 n.21 (M.D. La. Nov. 3, 2020) (finding no private right of action under sections 241 and 1510 (citing cases)), *R.&R. adopted*, 2020 WL 7344705 (M.D. La. Dec. 14, 2020).
[24] *Louisiana v. Guidry*, 489 F.3d 692, 699 (5th Cir. 2007).
[25] *Fernandez v. Am. Sugar Refin., Inc.*, No. 25-772, 2025 WL 2294879, at *3 (E.D. La. Aug. 8, 2025) (Barbier, J.) (quoting *Gressett v. City of New Orleans*, No. 17-16628, 2018 WL 3642008, at *4 (E.D. La. Aug. 1, 2018) (Vance, J.) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)), *aff'd sub nom. Gressett v. New Orleans City*, 779 F. App'x 260 (5th Cir. 2019)).

other words, "the private action must be based on more than a 'bare criminal statute.'"[26] A criminal statute must "'explicitly' indicate that it . . . provide[s] . . . a private [cause] of action."[27] The statutes cited by Plaintiff (LA. REV. STAT. §§ 14:67, 134, and 134.3) do not explicitly provide private causes of action; they are bare criminal statutes. Therefore, Plaintiff's claims based on these criminal statutes are legally frivolous as well.

### B. Civil RICO

Plaintiff cites the Racketeer Influenced and Corrupt Organization Act ("RICO") and alleges the defendants engaged in a RICO conspiracy. *See* ECF No. 1 at 11-12, 14 (¶¶3-9, 27-29). Under federal law, a civil RICO claim[28] requires a plaintiff to establish three threshold elements:[29] The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[30] A pattern of racketeering activity consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[31] A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[32] and "plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump[ ] together the defendants.'"[33]

A government entity is not a proper RICO defendant as it cannot form the *mens rea*

---

[26] *Id.* (quoting *Ali*, 8 F.3d at 22); *see also Guidry*, 489 F.3d at 699 ("Alone . . . a criminal violation will not create tort liability.").
[27] *Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969, at *5 (5th Cir. Mar. 10, 2022) (per curiam) (quoting *Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996)).
[28] 18 U.S.C. § 1964(c).
[29] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).
[30] *Id.*; *see also St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).
[31] *St. Germain*, 556 F.3d at 263.
[32] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).
[33] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).

requirement of the underlying criminal act a RICO claim is based on.[34] A suit brought against a defendant in his official capacity is, effectively, a suit against the governmental entity that employs the defendant,[35] thus a civil RICO claim against a defendant in his official capacity is improper for the same reason.[36] Accordingly, Plaintiff's civil RICO claims against Defendants in their official capacities are legally frivolous.

To the extent Plaintiff relies on alleged violations of § 241 and § 242 as "racketeering activity," such acts do not constitute racketeering activity under 18 U.S.C. § 1961(1),[37] making the claims against Defendants in their individual capacities legally frivolous as well. Beside including "armed robbery" and "extortion" in the caption of this matter, it is not clear that any of the conduct Plaintiff specifically alleges in his Complaint can constitute "racketeering activity" under § 1961(1).[38] In any event, Plaintiff repeatedly lumps defendants together. *See* ECF 1 at 11-12 (¶¶ 3, 5, 8, 10). His civil RICO claims against Defendants in their individual capacities appear factually frivolous and fails to state a claim.

### C. Improper Defendants

Plaintiff has brought claims against Sheriff Champagne in his official and individual capacity, as well as claims against Officers Jack Gilboy, Stephen Cantelli, Jason Guidry, Lane

---

[34] *Gil Ramirez Grp., L.L.C. v. Hou. Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991); *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (reaffirming *Lancaster*)).
[35] *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978).
[36] *See Abcarian v. Levine*, 972 F.3d 1019, 1027 (9th Cir. 2020) ("[T]he district court was correct in concluding that [the *Pedrina*] rule would necessarily extend to a suit against municipal officers in their official capacities." (citing *Ctr. For Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity."))); *see also McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) ("Supreme Court precedent makes clear that 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); and citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985))).
[37] *See* 18 U.S.C. § 1961(1) (defining "racketeering activity," as among other things, "any act which is indictable" under various federal criminal statutes, but not listing § 241 or § 242).
[38] *See* ECF No. 1 at 7; § 1961(1) (defining "racketeering activity" as "any act or threat involving . . . robbery, . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year[ ]").

7

Haun, Huey Marcel, Ruche Marino, Don Murray, and Brandon Oubre in their respective official and individual capacities and against the SCPSO.  ECF No. 1 at 9-10.

Federal Rule of Civil Procedure 17 provides in pertinent part that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located."  FED. R. CIV. P. 17(b)(3).  Article 24 of the Louisiana Civil Code states there are two kinds of persons that are capable of being sued, natural persons and juridical persons.  A "juridical person is an entity to which the law attributes personality . . . ."  LA. CIV. CODE art. 24.

Louisiana law affords legal status to Louisiana sheriffs, not their offices.[39]  Thus, while a plaintiff may file suit against the Sheriff, the "Sheriff's Office" is not a proper party.[40]  As the Sheriff in his official capacity is the appropriate governmental entity for any violations committed by his office,[41] Plaintiff's claims against the SCPSO are legally frivolous.[42]

"[W]here a plaintiff brings claims against both a public official, such as a law enforcement officer, in his official capacity and the public entity for which he works, the claims 'essentially merge,'"[43] making the former claims redundant and thus dismissal proper.[44]  Plaintiff's claims against the Defendant Officers in their official capacity are then subject to dismissal.

---

[39] *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. Saint Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999)).
[40] *Edminston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) ("Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not.").
[41] *Carpenter v. Webre*, No. 17-808, 2018 WL 1453201, at *6 (E.D. La. Mar. 23, 2018) (Morgan, J.) (citing *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 976 (5th Cir. 2012); *Jenkins v. Jefferson Par. Sheriff's Off.*, 402 So. 2d 669, 671 (La. 1981)).
[42] *See Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *4 (E.D. La. Jan. 31, 2025) (Africk, J.) (finding claims brought against state courts frivolous under § 1915(e)(2) because the court lack the capacity to be sued).
[43] *Frericks v. Rockwall Cnty.*, No. 25-2148, 2025 WL 2858904, at *3 (N.D. Tex. Sept. 4, 2025) (quoting *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000)).
[44] *Carpenter*, 2018 WL 1453201, at *6 (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)) (dismissing official capacity claim against deputy as it was duplicative of official capacity claim against the sheriff); *Quatrevingt v. Landry*, No. 19-1171, 2019 WL 4112051, at *5 n.52 (E.D. La. Aug. 29, 2019) (Milazzo, J.) (noting official capacity claims against deputies would be dismissed as duplicative of official capacity claim against the Sheriff of St. Tammany Parish (citing *Castro Romero*, 256 F.3d at 355)); *see also Frericks*, 2025 WL 2858904, at *3 (citing *Flores v. Cameron Cnty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County")).

Plaintiff has also brought claims against the Estate of Pierre Scott. ECF No. 1 at 9. Louisiana law does not allow suits against the deceased.[45] A decedent's succession is a separate and distinct legal entity,[46] but "[t]he proper party defendant in a suit against a succession is a succession representative."[47] The succession itself, or the "estate," are not proper party defendants.[48] Accordingly, the Estate of Pierre Scott is not a proper defendant because it lacks the capacity to be sued. The claims against it are frivolous and/or fail to state a claims upon which relief can be granted.[49]

Plaintiff has also brought claims against "Planning and Zoning of Parish of St. Charles," which the Court construes as the St. Charles Parish's Department of Planning and Zoning. ECF No. 1 at 10.[50] Plaintiff bears the burden to show a "department has the capacity to be sued. . . . [I]f a plaintiff fails to allege or demonstrate that such a defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim."[51] Plaintiff has not met his burden, thus his claims against St. Charles Parish's Department of Planning and Zoning appear frivolous and/or fail to state claims upon which relief can be granted. And for that reason, Plaintiff's official capacity claims against Robert Raymond,

---

[45] *James v. Am. Honda Motor Co.*, No. 18-1316, 2019 WL 3995977, at *4 (W.D. La. July 30, 2019) (citing *Campbell v. Travelers Ins.*, No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) (citing *Magee v. Stacey*, 223 So. 2d 194, 195 (La. App. 3 Cir. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person"))), *R.&R. adopted* 2019 WL 3995980 (W.D. La. Aug. 22, 2019); *McGrew v. Dufresne*, No. 09-6515, 2011 WL 765812, at *4 (E.D. La. Jan. 28, 2011) (citations omitted), *R.&R. adopted*, 2011 WL 766074 (E.D. La. Feb. 24, 2011).
[46] *James*, 2019 WL 3995977, at *4 (citing *Holland v. Unopened Succession of Holland*, 562 So. 2d 1022, 1024 (La. App. 3 Cir. 1990)).
[47] *Louisiana vs. Est. of Davis*, 572 So. 2d 39, 42-43 (La. 1990) (citing LA. CIV. CODE art. 734).
[48] *James*, 2019 WL 3995977, at *4 (citing *Adams v. Ford Motor Co.*, No. 12-2168, 2012 WL 5877957, at *3 (W.D. La. Nov. 20, 2012)).
[49] *McGrew*, 2011 WL 765812, at *4.
[50] *See Planning and Zoning*, St. CHARLES PAR., https://www.stcharlesparish.gov/departments/planning-and-zoning (last visited Dec. 22, 2025).
[51] *Doe v. Frisco Indep. Sch. Dist.*, No. 23-768, 2023 WL 6221432, at *1 (E.D. Tex. Sept. 25, 2023) (quoting *Hutchinson v. Box*, No. 10-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *R.&R. adopted*, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011)); *Clark v. Clegg*, No. 24-1740, 2024 WL 5131770, at *1 (N.D. Tex. Dec. 16, 2024) (quoting same).

Corey Oubre, and Orrin Marino, whom he contends are employed by St. Charles Parish's Department of Planning and Zoning, likewise appear frivolous and/or fail to state a claim upon which relief can be granted. *See* ECF No. 1 at 9.

### D. Section 1983

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[52]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[53]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1)      deprivation of a right secured by the U.S. Constitution or federal law;
(2)      that occurred under color of state law; and
(3)      was caused by a state actor.[54]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[55] This requires the plaintiff to identify both the deprivation of a right established under the Constitution or federal law and the responsible person acting under color of state law.[56]

Deprivation of rights under state law, however, may not be "bootstrapped" into § 1983

---

[52] 42 U.S.C. § 1983.
[53] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[54] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[55] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[56] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

claims because "the enforcement of state law is the job of the states."[57] For his § 1983 claims, Plaintiff asserts violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and violation of Section 4 of Article I of the Louisiana Constitution. *See* ECF No. 1 at 11-12, 15-17. Plaintiff cannot base his § 1983 claims on violations of the Louisiana Constitution, thus those claims are legally frivolous.[58]

1. Violation of the Due Process Clause of the Fifth Amendment

Plaintiff alleges a violation of the Due Process Clause of the Fifth Amendment yet asserts his § 1983 claims only against state and local officials. ECF No. 1 at 3, 17. The Due Process Clause of the Fifth Amendment applies to the federal government's conduct, not state or municipal government conduct.[59] Due process claims against state or local officials would be based on the Fourteenth Amendment. Plaintiff's § 1983 claims based on violation of the Fifth Amendment's Due Process Clause are thus legally frivolous.

2. Violation of the Equal Protection Clause of the Fourteenth Amendment

Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1 at 17. However, a violation of equal protection occurs "only when the government treats someone differently than others similarly situated; if the challenged action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even

---

[57] *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986) (citing *Stern v. Tarrant Cnty. Hosp. Dist.*, 778 F.2d 1052, 1056-70 (5th Cir. 1985) (en banc)); *accord. San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 n.4 (5th Cir. 1991) ("Violation of a state statute is not actionable under § 1983." (citing *Jones v. Diamond*, 594 F.2d 997, 1011 (5th Cir. 1979))).
[58] *Cf. William v. Dall. Cmty. Coll. Dist.*, No. 14-3990, 2015 WL 13742548, at *4 (N.D. Tex. Feb. 4, 2015) (dismissing § 1983 claim based on violation of Texas Constitution because "[it] it is well established that Section 1983 cannot be used to bring a claim for violation of state law or constitutional right[ ]" (citing *Pesce v. J. Sterling Morton High Sch., Dist. 201, Cook Cnty.*, 830 F.2d 789, 795 (7th Cir. 1987); *Bush*, 795 F.2d at 1208-09).
[59] *Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1154 (E.D. La. 2021) (Africk, J.) (citing *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (holding that the plaintiff failed to state a claim under the Fifth Amendment due process clause because the defendant "was an officer of the state of Louisiana rather than of the federal government"); *id.* at 265 n.2 ("The district court correctly observed that only the Fourteenth Amendment's Due Process Clause, and not the Fifth Amendment's, applies to state law enforcement officers[.]"); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (noting that the Fifth Amendment does not apply "to the actions of a municipal government")).

11

if irrational—does not deny them equal protections of the laws."[60]  In order to state a claim under the Equal Protection Clause, "a § 1983 plaintiff must either allege that (a) state actor intentionally discriminated against [him] because of membership in a protected class or (b) he has been intentionally treated different from others similarly situated and there is no rational basis for the difference in treatment."[61]  Plaintiff fails to allege either, thus his claims based on violation of the Equal Protection Clause fail to state a claim upon which relief can be granted because he fails to allege any unfair or illegitimate classification.

### 3. Violation of the Fourth Amendment

Plaintiff alleges a violation of the Fourth Amendment.  He alleges that SCPSO officers came to his deceased relative's property where he appears to reside, and pursuant to a judgment against the Estate of Pierre Scott to remove trash, "clean up" the property, and stop the estate from having abandoned, junk, or valuable property, seized his relative's property.  *See* ECF No. 1 at 12 (¶¶ 10-12, 15).  He conclusorily alleges Sheriff Champagne and his officers conspired to steal "his" property.  *Id.* at 11-12 (¶¶ 7-9).

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment,[62] provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not violated."[63]  The Fourth Amendment applies to civil and criminal seizures.[64]  A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property."[65]

---

[60] *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).
[61] *King v. Lott*, No. 25-785, 2025 WL 2525037, at *6 (E.D. La. July 23, 2025) (quoting *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 238 (5th Cir. 2012)), *R.&R. adopted sub nom.*, *King v. Slidell City*, No. 25-785, 2025 WL 2522209 (E.D. La. Sept. 2, 2025).
[62] *Kerr v. California*, 374 U.S. 23, 30 (1963).
[63] *Enclave Arlington Assocs. Ltd. P'ship v. City of Arlington*, 401 F. App'x 936, 938 (5th Cir. 2010 (quoting U.S. CONST. amend. IV).
[64] *Id.*  (citing *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009)).
[65] *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

When assessing whether a Fourth Amendment violation has occurred, "the ultimate touchstone" o the inquiry is "reasonableness."[66]  "Generally, an officer's erroneous seizure of property does not in itself establish a Fourth Amendment violation, especially if performance in reliance on a facially valid writ of execution or other court order."[67]

It is unclear whether SCPSO officers seized Plaintiff's property or only property of his deceased relative's estate.  But even assuming they seized his property, because Plaintiff did not identify the judgment the SCPSO officers relied on and makes only conclusory allegations that they seized his property intentionally when not authorized,  Plaintiff fails to state a § 1983 claim based on violation of the Fourth Amendment upon which relief may be granted.

4.  Violation of the Due Process Clause of the Fourteenth Amendment

Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.  ECF No. 1 at 1, 15-17.  The Fourteenth Amendment's guarantee of due process has both procedural and substantive components.[68]  Procedural due process guarantees a plaintiff adequate procedures under state law before a state deprives him of a protective liberty or property interest while substantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the implementation procedures.[69]

A procedural due process claim consists of two elements: (1) deprivation by state action of

---

[66] *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).
[67] *Partin v. Davis*, 675 F. App'x 575, 583 (6th Cir. 2017) (citing *Coonts v. Potts*, 316 F.3d 745, 750–51 (8th Cir. 2003) (concluding that conducting a levy under a "facially-valid writ of execution" was a reasonable seizure under the Fourth Amendment despite challenges to the writ's lawfulness); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536–37 (8th Cir. 1999) (a deputy's erroneous seizure of a boat and trailer while acting pursuant to a writ of execution did not support a viable Fourth Amendment claim); *Messerschmidt v. Millender*, 565 U.S. 535, 132 S.Ct. 1235, 1244–1251, 182 L.Ed.2d 47 (2012) (concluding that officers' reliance on a facially valid warrant entitled them to qualified immunity despite a claim that they lacked probable cause for the search); *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979))).
[68] *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016).
[69] *Id.*; *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 n.3 (5th Cir. 2007) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

a protected interest in life, liberty, or property and (2) inadequate state process.[70] The claim "is not complete when the deprivation occurs" but rather is "complete" only when "the State fails to provide due process."[71] This is so because procedural due process does not consider "the justice of a deprivation[ ] but only the means by which the deprivation was effected[,]" thus "the injury from a denial of due process is not the liberty or property" taken from the plaintiff but rather "the fact that it was taken without sufficient process."[72]

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[73] The "general test" for determining what process is due is the *Matthews v. Eldridge* "sliding scale."[74] In determining the type of hearing required, courts must consider: (1) the private interest affected, (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that additional or substituted procedural requirement would entail.[75]

The hearing need not always occur before the deprivation of the protected interest; there are "extraordinary situations" that justify postponing notice and an opportunity for a hearing.[76] Deprivation of property interests without opportunity for a prior hearing is acceptable in the Fifth Circuit when:

1) the deprivation is directly necessary to secure an important government or general public interest,
2) there is a special need for very prompt action, and
3) the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was

---

[70] *Reed v. Goertz*, 598 U.S. 230, 236 (2023) (citing *Zinermon*, 494 U.S. at 125).
[71] *Id.* (quoting *Zinermon*, 494 U.S. at 126).
[72] *Bowlby v. City of Aberdeen*, 681 F.3d 215, 222 (5th Cir. 2012) (citations omitted).
[73] *Breath v. Cronvich*, 729 F.2d 1006, 1010 (5th Cir. 1984) (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).
[74] *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 233 (5th Cir. 2020) (alterations in original) (first quote); *Walsh v. Hodge*, 975 F.3d 475, 482 (5th Cir. 2020) (second quote).
[75] *Breath*, 729 F.2d at 1010 (citing *Matthews*, 424 U.S. at 335).
[76] *Id.* (citing *Fuentes v. Shevin*, 407 U.S. 67, 90 (1972)).

necessary and justified in the particular instance.[77]

Plaintiff appears to assert a procedural due process violation as he alleges Jake's Towing Co. stole his truck from his home and the "Code Enforcement Agency" of St. Charles Parish did not provide the administrative hearing required by LA. REV. STAT. § 32:1727. ECF No. 1 at 13. LA. REV. STAT. § 32:1727 states:

> A. The owner of any vehicle that was stored by a public agency shall have the right to an administrative hearing to determine if towing and storage of said vehicle was proper. The owner of the vehicle must make a request for a hearing within ten days of the date that the owner notification is mailed as described in R.S. 32:1720 to the agency that had the vehicle towed.
>
> B. The hearing shall be conducted by the public agency authorizing the tow or other body authorized to do so within three business days after receipt of the request for a hearing.

The statute provides for "post-impoundment notice and an opportunity for an administrative hearing at which the owner may demonstrate valid proof of insurance."[78] To be clear, Plaintiff does not challenge the adequacy of the administrative hearing nor that it occurs after towing and storage; instead, he appears to contend that St. Charles Parish did not provide him a hearing. *See* ECF No. 1 at 11.

Initially, it is unclear whether Plaintiff is the owner of the truck and thus whether he has a protected property or other interest in the truck because, while he claims ownership, he also alleges "[e]verthing that was taken from the property did not belong" to him. ECF No. 1 at 12-13.

Even if he is the owner, Plaintiff has not alleged an actionable procedural due process violation under § 1983 because he did not allege he made a request for a hearing. To be sure,

---

[77] *Id.* (citing *Fuentes*, 407 U.S. at 91).
[78] *Spann o/b/o Spann v. Bogalusa City Police Dep't*, No. 20-2780, 2021 WL 4318133, at *3 (E.D. La. Sept. 23, 2021) (Lemelle, J.) (emphasis in original) (citing LA. REV. STAT. §§ 32: 863.1(C)(1)-(6), 1727); *accord. Lewis v. Hanemann*, No. 14-3368, 2015 WL 5883547, at *10 (W.D. La. Aug. 4, 2015) (citing same), *R.&R. adopted*, 2015 WL 5915998 (W.D. La. Oct. 8, 2015).

15

"[w]hen a [vehicle] is towed or impounded, some form of fair and impartial hearing at which an owner is provided an opportunity to challenge the lawfulness of removing his [vehicle] and assessing charges against him must be provided within a reasonable time period."[79]  But a request for a hearing under LA. REV. STAT. § 32:1727(A) is required for one to be held.  The Court cannot determine if there is a procedural due process violation because that determination requires it to consider "what process the State provided, and whether it was constitutionally adequate."[80]  In short and as alleged, Plaintiff's procedural due process claim is not complete yet.  Plaintiff thus fails to a state claim based on violation of the Due Process Clause upon which relief can be granted.

## IV.    CONCLUSION

Based on the information provide by Plaintiff in his *in forma pauperis* application (ECF No. 2), Plaintiff has established that he is unable to pay fees in this matter, entitling him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Under the broadest reading to be afforded *pro se* complaints,[81] however, Plaintiff's Complaint appears subject to dismissal under § 1915.

Criminal statutes cannot be enforced by a plaintiff through a civil action.  Further, Plaintiff's civil RICO claims against Defendants in their respective official capacities are legally frivolous, the claims against them in their individual capacities are factually frivolous, and his § 1983 claims fail to plausibly allege a violation of a federal right.  As such, Plaintiff's Complaint appears to be subject to summary dismissal under § 1915(e)(2).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is GRANTED;

---

[79] *Breath*, 729 F.2d at 1011.
[80] *Zinermon*, 494 U.S. at 126.
[81] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, March 4, 2026**, Plaintiff Vance Scott Senior **show cause** why his Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of his position, setting forth the specific facts supporting his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on **Wednesday, March 4, 2026**, and the matter will be deemed under advisement on the briefs on that date.

New Orleans, Louisiana, this __3rd__ day of February, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE